UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CYBIL FISHER, | ) |
|    Petitioner, | ) ) ) |
| VS. | ) )   Civil Action No.  SA-13-CA-610-XR |
| UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE, and JEFFREY HENCKE, REVENUE AGENT, | ) ) ) ) ) ) |
|    Defendants. | ) |

**ORDER**

On this date, the Court considered the United States' Motion to Dismiss Petition to Quash (docket no. 7)  and the Response thereto.  After careful consideration, the Court will grant the motion.

**I. Background**

IRS agent Jeffrey Hencke issued a third-party summons for records to American Express on June 18, 2013.  Petitioner Cybil Fisher filed this "Petition to Quash IRS Third Party Summons" on July 11, 2013.[1]  Therein, she alleges that the IRS failed to give her timely notices required by 26 U.S.C. § 7609(a)(1) and, as a consequence, she was not given the opportunity to timely file a petition to quash the summons pursuant to § 7609(b)(1).  Fisher further contends that the IRS violated "the statutory summons process as they failed to provide Fisher advance notice that contact with any of these third parties were to be made; and, failed to periodically provide Fisher with a record of persons contacted by IRS about Fisher as required by Section 7602(c)(1)&(2)."  Fisher also contends that the summons was issued while a referral for criminal prosecution to the Department of Justice was pending, "which was made by the IRS in violation of Section

---

[1] The Petition was mailed by certified mail on July 9, 2013 and was received by the Court on July 11, 2013.

-1-

7602(d)(2)(A)" and that, because of the violations and abuses, the IRS failed to meet the "good faith" requirement of *Powell*. Last, Fisher asserts that her privacy rights have been or will be violated. She seeks an order quashing the third-party summons to American Express, an order that the IRS turn over to Fisher a copy of all summonses and requests for documents issued to third parties by the IRS, an order that the IRS turn over all records obtained by means not in full compliance with the Internal Revenue Code, and an order to pay Fisher $1,000 for each violation of state and federal privacy laws.

Fisher attached a copy of the third-party summons to her petition. It directs American Express to turn over Fisher's records between 2007 and 2012 by July 16, 2013. A notice dated June 18, 2013 provides Fisher with a copy of the summons and notifies her of the right to file a petition to quash the summons in order to contest the merits of the summons. It expressly states, 'You must file your petition within 20 days from the date of this notice and pay a filing fee as may be required by the clerk of the court."

On October 1, the United States timely filed a motion to dismiss the petition to quash pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2), arguing that the Court lacks jurisdiction because the petition was untimely and Petitioner did not properly serve the United States Attorney for the Western District of Texas or on the Attorney General as required by Federal Rule of Civil Procedure 4. The motion contains Hencke's affidavit and his certification that he gave notice of the summons to Fisher on June 18, 2013 by certified or registered mail at her last known address, 1609 Redstone Trail. The certified mail receipt indicates that it was delivered on June 19, 2013.

On November 5, Fisher filed a response to the motion. Therein, she asserts that her petition was timely filed because service is complete at the time of mailing and a party is given three extra days in which to act, if that party is to act within a specified time after service and that document was served by mail, under rule 6(d). Fisher also contends that she served the proper parties on October 29, 2013. Defendant moves to strike the response as untimely. Although it is untimely, the Court will consider the response, and denies the motion to strike.

## II. Analysis

Title 26 U.S.C. § 7609 requires that notice of a third-party summons be given to any person identified in the summons within three days of the day on which such service is made, but no later

than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. 26 U.S.C. § 7609(a)(1). "Such notice shall be sufficient if, on or before such third day, such notice is . . . mailed by certified or registered mail to the last known address of such person . . . ." *Id.* § 7609(a)(2). "Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2)." *Id.* § 7609(b)(2).

The evidence indicates that Hencke issued the summons to American Express on June 18, 2013. He also gave notice of the summons to Fisher by certified mail at her last known address that same day, more than 23 days prior to the day upon which the records were to be examined (July 16), in compliance with § 7609(a)(1) and (a)(2). Pursuant to § 7609(b)(2), Fisher was required to "begin a proceeding to quash" not later than the 20th day after such notice was given to her. Courts have held that the date notice was given is the date the notice was mailed. *Berman v. United States*, 264 F.3d 16, 19 (1st Cir. 2001) ("Even brief research would reveal that the case law requires a motion to quash under section 7609 to be filed within 20 days of the mailing of the notice, not of its receipt."); *see also Smith v. United States*, 2013 WL 2417944, at *3 (E.D. Mich. June 3, 2103); *Fisher v. United States*, Civ. A. No. 12-mc-18, 2012 WL 2914988, *1 (D. Minn. July 17, 2012). Twenty days after the notice was mailed is July 8, 2013. Even using the date the notice was delivered, twenty days after the notice was delivered is July 9, 2013. Although Fisher mailed her petition on July 9, it was not received by the Court and therefore not filed until July 11, 2013. It was therefore untimely.

Fisher's reliance on Rule 6 is misplaced. A party begins a proceeding in court by filing a petition. Although *service* is generally complete upon mailing, *filing* is not. It occurs on the date that the papers are actually received by or filed with the Clerk of the Court. *Smith*, 2013 WL 2417944 ("Plaintiff's mailing did not begin the proceeding. The case began when the Petition was filed . . . ."); *Sarnowski v. United States*, Civ. A. No. 3:05-MC-009, 2005 WL 2715656, at *2 (E.D. Va. Sept. 8, 2005)("[A] taxpayer's mailing of a petition to quash does not constitute timely filing under Section 7609."). Filing did not occur until July 11. Further, Rule 6(d), which provides an additional three days after certain kinds of service, does not apply because, by its terms it applies only when a party must act "within a specified time after service and service is made under Rule

5(b)(2)(C), (D), (E), or (F)." FED. R. CIV. P. 6(d).  Rule 5 governs "serving and filing pleadings and other papers" in a pending lawsuit.  Notice of the summons was not service under Rule 5(b), and therefore did trigger application of Rule 6(d).

Similarly, the Court in *Clay v. United States*, 199 F.3d 876 (6th Cir. 1999) held that Rule 6(d) (then Rule 6(e)) applies only to "a party" and a person becomes a party only by beginning a lawsuit, but a "noticee of a summons under 26 U.S.C. § 7609 is not a 'party' during the twenty-day filing period unless and until a suit is commenced." *Id.* at 880.  "Therefore, by its terms, Rule 6[d] has no application to the time period before the filing of a petition to quash because the taxpayer has not yet become a party. Rule 6[d] and the three-day extension it provides have consistently been held to be inapplicable to jurisdictional periods for commencing a proceeding in the district court." *Id. see also Berman v. United States*, 264 F.3d 16 (1st Cir. 2001) ("The prevailing view in the case law is that Rule 6[d] does not apply to statutes of limitation, and at least two cases have held explicitly that Rule 6[d] does not extend the 20-day period prescribed by section 7609."); *Sarnowski*, 2005 WL 2715656, at *2 ("[T]he case law is also clear that the rule allowing three additional days for mailing does not apply to the statute of limitations in Section 7609.").

Therefore, Fisher's petition was untimely and must be dismissed.  "The case law is clear that 'a petition to quash a third party summons that is filed more than twenty days after the *mailing* of the summons by the IRS must be dismissed for lack of jurisdiction.'"  *Sarnowski*, 2005 WL 2715656, at *1 (citing *Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990)).

## Conclusion

Fisher's petition to quash was untimely filed, and must be dismissed for lack of jurisdiction.  Accordingly, Defendants' motion to dismiss (docket no. 7) is GRANTED and this case is DISMISSED FOR LACK OF JURISDICTION.  Defendants' motion to strike the response as untimely (docket no. 10) is DENIED.

SIGNED this 25th day of November, 2013.

                                      XAVIER RODRIGUEZ
                                      UNITED STATES DISTRICT JUDGE